# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 4, 2020 Session

## DAVID NICHOLS v. METROPOLITAN NASHVILLE AIRPORT AUTHORITY

**Appeal from the Circuit Court for Davidson County**
**No. 19C1435          Joseph P. Binkley, Jr., Judge**

_____

### No. M2020-00593-COA-R3-CV

_____

This case concerns the civil rights exception to government liability for an employee's negligent acts under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 20-29-205(2). The plaintiff filed a complaint against the Metropolitan Nashville Airport Authority, asserting three negligence claims. He alleged that airport officers injured him by using an "arm bar restraint" during an arrest. The trial court dismissed the complaint upon finding the allegations amounted to a claim that the officers violated his civil rights by using excessive force. On appeal, the plaintiff argues that the civil rights exception does not apply because he alleged that the officers negligently assessed the amount of force necessary rather than alleging that they intentionally used excessive force. We agree with the trial court's determination that the plaintiff's allegations sound squarely in civil rights and are barred by § 20-29-205(2). Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and ARNOLD B. GOLDIN, JJ., joined.

Mark T. Freeman and Joseph Warren Fuson, Nashville, Tennessee, for the appellant, David Nichols.

Kevin C. Klein, Ryan Patrick Loofbourrow, and William Franklin Cox, Nashville, Tennessee, for the appellee, Metropolitan Nashville Airport Authority.

## OPINION

On the evening of July 6, 2018, David and Karen Nichols went to the Nashville International Airport to return home to Texas. The Nichols checked in their luggage, went through security, and boarded their flight. Upon learning that the flight would be delayed, the Nichols decided to stay another night in Nashville. They disembarked the airplane and

went to retrieve their luggage from baggage claim. Mr. Nichols ("Plaintiff") became irate when he could not find the luggage and an airline employee failed to assist him.

Airport police officers responded to the scene and asked Plaintiff to leave the airport. While escorting Plaintiff toward the exit, the officers attempted an "arm bar" restraint. As a result, Plaintiff fell to the floor and sustained multiple injuries to his face. The officers arrested Plaintiff for Public Intoxication, Disorderly Conduct, and Resisting Arrest. Those charges were later dismissed.

Plaintiff commenced the present action in June 2018 by filing a complaint against the Metropolitan Nashville Airport Authority ("Defendant").[1] As amended, the complaint asserted three claims: (1) negligence; (2) negligent infliction of emotional distress; and (3) negligent hiring, training, supervision, and retention.

In September 2019, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim under Tenn. R. Civ. P. 12.02(6). Defendant contended that it was immune from Plaintiff's claims under the Tennessee Governmental Tort Liability Act ("GTLA"), which preserves immunity for the negligent conduct of employees when the alleged injury "arises out of . . . civil rights." *See* Tenn. Code Ann. § 29-20-205(2). The trial court denied the motion, finding the matter was controlled by *Timmons v. Metropolitan Government of Nashville*, 307 S.W.3d 735 (Tenn. Ct. App. 2009), in which this court distinguished between a police officer's intentional use of excessive force and a police officer's failure to comply with established restraint procedures.

Shortly thereafter, this court designated the opinion in *Cochran v. Town of Jonesborough*, 586 S.W.3d 909 (Tenn. Ct. App. 2019) for publication in the official reporter.[2] In *Cochran*, the court found allegations of an injury caused by the manner in which an officer handcuffed and arrested the plaintiff were, in essence, claims for excessive use of force and, thus, the GTLA's civil rights exception applied. *Id*.

Following the publication of *Cochran*, Defendant moved to revise the order denying its motion to dismiss on the ground that *Cochran* constituted a change in the controlling law. The trial court agreed and held that the gravamen of Plaintiff's allegations was a claim that the officers violated his civil rights by using excessive force. Accordingly, the court held that Plaintiff's claims were barred by the civil rights exception in § 20-29-205(2) and granted Defendant's motion to dismiss.

---

[1] It is undisputed that the officers were employed by Defendant and that the Defendant is a "governmental entity" as defined in Tenn. Code Ann. § 29-20-102(2). *See Ren Corp.-USA v. Metro. Nashville Airport Auth.*, No. 01-A-01-9104-CV-00123, at *1 (Tenn. Ct. App. Jan. 29, 1992).

[2] "Opinions reported in the official reporter . . . shall be considered controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction." Tenn. Sup. Ct. R. 4(G)(2).

This appeal followed.

## ISSUES

Plaintiff raises one issue on appeal:

Did the trial court err as a matter of law by concluding that Plaintiff's claims, which are all premised on negligent conduct, actually "arise out of" civil rights, even though tortious conduct must meet higher standards of fault than negligence in order to constitute civil rights violations?

## STANDARD

This case was dismissed on Defendant's motion to dismiss for failure to state a claim under Tenn. R. Civ. P. 12.02(6) ("Rule 12"). A Rule 12 motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence.'" *Webb v. Nashville Area Habitat for Hum., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Accordingly, "[t]he relevant and material allegations of the complaint are taken as true, and the plaintiff is afforded the benefit of all reasonable inferences that may be drawn from the allegations." *Est. of Haire v. Webster*, 570 S.W.3d 683, 690 (Tenn. 2019). Appellate courts "apply de novo review to the [trial] court's . . . ruling on the legal sufficiency of the complaint." *Id*.

## ANALYSIS

When "determining whether a governmental entity retains immunity under the GTLA," our courts "look to the gravamen of the claim . . . rather than the characterization of the claim by the plaintiff." *Cochran*, 586 S.W.3d 909, 918 (citations omitted). "Thus, in order to determine whether immunity bars [a] claim, we must determine 'the substantial point, the real purpose, or the object' of [the] action.'" *Id*. at 919 (quoting *Benz-Elliott v. Barrett Enterprises, LP*, 456 S.W.3d 140, 148 (Tenn. 2015)). The GTLA must be strictly construed in favor of preserving immunity. *Id*. at 915.

Under the GTLA, "[i]mmunity from suit for all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of [*inter alia*] civil rights." Tenn. Code Ann. § 29-20-205(2). Under this section, "civil rights" includes "claims arising under the federal civil rights law and the U.S. Constitution," *Cochran*, 586 S.W.3d at 919 (citations omitted), including "claim[s] of excessive force by law enforcement officers," *Siler v. Scott*, 591 S.W.3d 84, 97 (Tenn. Ct. App. 2019) (citations omitted). Accordingly, the GTLA preserves immunity for governmental entities against claims that "arise[] out of" an injury caused by the excessive use of force by law enforcement officers. *See id*.

Thus, the dispositive issue in this case is whether the gravamen of Plaintiff's claim is a civil rights claim for excessive use of force or "simple negligence." The trial court

found that the gravamen of Plaintiff's claims was excessive force based on this court's decision in *Cochran v. Town of Jonesborough*. We agree.

In *Cochran*, the plaintiff asserted that the defendant should be "directly liable for breaching the standard of care 'in training and supervising its employees in how to make lawful arrests free of violence and . . . in the use and application of handcuffs'" and "vicariously liable . . . '[for] the negligence of [the officer] in the effectuation of the arrest of [the plaintiff].'" 586 S.W.3d at 913. The allegations in the complaint included the following:

> If trained properly, [the officer] would have properly applied the handcuffs so that [the plaintiff] would not be injured by [the officer]'s negligent conduct in the use and application of the handcuffs. . . . [The officer] breached the standard of care in the application of the handcuffs because he placed them on too tight, failed to see if they were too tight, failed to double-lock them so as to cause them to tighten, and failed to loosen them after complaints from [the plaintiff].

*Id*. at 919 n.3.

We found the civil rights exception in § 29-20-205(2) applied because "the injuries [the plaintiff] allege[d] to have suffered stem from well-established civil rights, regardless of how [the plaintiff] chose to characterize those claims in his state action." *Id*. at 919. We recognized that "'excessively forceful or unduly tight handcuffing is a constitutional violation under the Fourth Amendment' and that 'freedom from excessively forceful or unduly tight handcuffing is a clearly established right[.]'" *Id*. (quoting *Courtright v. City of Battle Creek*, 839 F.3d 513, 518–19 (6th Cir. 2016)). We also noted that "a governmental entity can be held liable under [42 U.S.C.A.] § 1983 for its failure to properly train and supervise its employees." *Id*. (quoting *Hale v. Randolph*, No. 1:02-CV-334, 2004 WL 1854179, at *11 (E.D. Tenn. Jan. 30, 2004)). Accordingly, we found the "underlying act" in the plaintiff's complaint was "clearly 'predicated on intentional tortious conduct involving the violation of [the plaintiff's] civil rights by [an employee]' of [the Town]." *Id*. at 921 (quoting *Jackson v. Thomas*, No. M2010-01242-COA-R3-CV, 2011 WL 1049804, at *7 (Tenn. Ct. App. Mar. 23, 2011)).

Similarly, in *Merolla v. Wilson County*, this court held that § 29-20-205(2) immunized the County from claims that its employees "breached a duty" to the plaintiff when they allegedly "'hogtied' [the plaintiff] for upwards of six hours." No. M2018-00919-COA-R3-CV, 2019 WL 1934829, at *1, *4 (Tenn. Ct. App. May 1, 2019), *appeal denied* (Sept. 18, 2019). We reasoned that the gravamen of the plaintiff's allegations was "that the officers inappropriately punished [the plaintiff] for her behavior and thereafter were indifferent to her suffering, causing physical and emotional injuries." *Id*. at *5. Thus, "the substantial point' of [the plaintiff's] claim . . . involve[d] violations of civil rights, regardless of [the plaintiff]'s insistence that the conduct was merely negligent." *Id*.

Here, Plaintiff's complaint contains the following factual allegations:

29.    . . . [Metropolitan Nashville Airport Authority ("MNAA")] police officers appeared and confronted Plaintiff.

28.    When approached by police, Mr. Nichols was not confrontational, not aggressive, not drunk or impaired, and not doing anything that would justify being arrested. . . .

29.    Police officers at no point during the interaction at baggage claim advised Plaintiff that he was under arrest, going to be placed under arrest, or in violation of any law for his conduct.

30.    Police officers did eventually ask Mr. Nichols to leave the airport, and he agreed to do so.

31.    Mr. Nichols was escorted by no less than four (4) police officers from baggage claim to the lower level.

.    .    .

33.    Police officers surrounded Mr. Nichols as he and his wife entered the bottom level of the airport.

34.    As Mr. Nichols walked behind his wife, surrounded by police officers, an arm bar technique was attempted by the officers, causing Mr. Nichols's face to hit the tile or concrete floor, which lead to his serious facial injuries.

.    .    .

37.    The police officers took Mr. Nichols into custody, arrested him and booked him into the jail.

38.    As a result the State of Tennessee issued arrest warrants for Mr. Nichols based on false claims made by the MNAA police officers.

The complaint asserts that Defendant should be held vicariously liable for the officers' negligence "in deciding to apply an arm bar restraint, in the execution of the arm bar restraint, and in choosing the location where they applied this type of restraint." The complaint also asserts that Defendant should be held directly liable for "[f]ailing to hire competent police officers"; "[f]ailing to ensure police officers had the proper experience, education, training, and/or skill to act reasonably"; and "[f]ailing to instruct, train, educate, and supervise properly its police officers . . . in proper restraint techniques and the execution of those techniques and proper police procedures."

- 5 -

We agree with Defendant that the "common thread" in these claims is that the airport officers "used more force than was necessary under the circumstances."

Nonetheless, Plaintiff argues that the allegations in his complaint cannot equate to a claim for excessive use of force because he did not allege that his injury arose out of "intentional" conduct. Plaintiff correctly points out that § 29-20-205(2) lists "civil rights" as one of several intentional torts for which immunity is preserved. *See Brooks v. Sevier Cty.*, 279 F. Supp. 2d 954, 960 (E.D. Tenn. 2003) ("[I]t is fair to interpret [§ 29-20-205(2)] as intending civil rights claims to be considered a type of intentional tort."); *Yates v. City of Cleveland*, 941 F.2d 444, 447 (6th Cir. 1991) (holding that more than mere negligence is required to state a claim under 42 U.S.C.A. § 1983). Plaintiff, however, misconstrues the "intentional" conduct requirement in claims based on excessive use of force.

When determining whether a law enforcement officer used "excessive force," courts consider whether the officer "acted reasonably" under the circumstances. *Austin v. Sneed*, No. M2006-00083-COA-R3-CV, 2007 WL 3375335, at *10 (Tenn. Ct. App. Nov. 13, 2007); *see also City of Mason v. Banks*, 581 S.W.2d 621, 625 (Tenn. 1979) (recognizing "[t]he basic principle . . . that an officer may only use the force reasonably necessary to accomplish the arrest, with due regard to other attendant circumstances, such as his own safety or that of others present."); *Jordan v. Howard*, 987 F.3d 537, 543 (6th Cir. 2021) ("Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."). Thus, courts "have allowed recovery under § 1983 based on a policeman's use of excessive force in effecting an arrest when the policeman's conduct was conscious, volitional and purposeful." *Banks*, 581 S.W.2d at 627 (citations omitted). A claim of excessive use of force, however, does not require a showing that the officer had a "specific intent to deprive the plaintiff of a constitutional right." *Id*. at 626 (citing *Monroe v. Pape*, 365 U.S. 167, 187 (1961)); *see also Graham v. Connor*, 490 U.S. 386, 397 (1989) ("An officer's evil intentional will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentional make an objectively unreasonable use of force constitutional.").

Plaintiff's complaint alleges an injury due to conduct that was "conscious, volitional and purposeful." *Banks*, 581 S.W.2d at 627 (citations omitted). Thus, there is no incongruity between the allegations in Plaintiff's complaint and the trial court's finding that the gravamen of Plaintiff's claims was for the excessive use of force in violation of his civil rights.

Following our reasoning in *Cochran* and *Merolla*, we agree with the trial court's finding that Defendant retained immunity under the civil rights exception in § 29-20-205(2). The gravamen of Plaintiff's claim is that the officers used excessive force, i.e., failed to use reasonable force, given the circumstances. Accordingly, Plaintiff's claim that Defendant failed to supervise and train the officers is "inextricably linked to a civil rights

claim," *Cochran*, 586 S.W.3d at 918, and the civil rights exception in § 29-20-205(2) applies.

## IN CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against David Nichols.


_____
FRANK G. CLEMENT JR., P.J., M.S.